9758

LITTLE v. HENRY *ET AL.*

(93 S. E. 1008.)

1. APPEAL AND ERROR—PRESENTATION OF GROUND OF REVIEW IN COURT BELOW—NECESSITY.—An erroneous misstatement by the Court as to the issues cannot be taken advantage of on appeal where not called to the Court's attention below.

2. DAMAGES—PUNITIVE DAMAGES—TORT ACTIONS.—In an action of tort for the alleged unlawful, wilful and malicious expulsion of plaintiff from the defendant lodge, punitive damages may be recovered though no charge of fraud was made.

3. EVIDENCE—DEGREE OF PROOF—DEFENSE.—Defendant has the burden of proving its defense by the preponderance of the evidence.

4. INSURANCE—FRATERNAL INSURANCE—RULES OF ORDER.—A fraternal insurer cannot change its rules so as to defeat the policy of one whc died before the change was made.

5. NEW TRIAL—GRANT—RIGHT TO.—Though plaintiff, who had a verdict, was willing to allow defendant a new trial the trial Court might in its discretion deny defendants' motion for a new trial, for the rights of other litigants and of the public should be considered.

Before SHIPP, J., Columbia, October, 1916. Affirmed.

Action by Robert Little against T. H. Henry and the Grand Lodge Knights of Pythias of South Carolina. From a judgment for plaintiff, defendants appeal.

*Mr. Jacob Moorer,* for appellants, cites: 78 S. C. 419; 104 S. C. 81; 99 S. C. 134; 67 S. C. 338.

*Mr. John T. Duncan,* for respondent.

July 12, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The first question that arises in this case is made by a motion to dismiss the appeal. This Court will not dismiss an appeal unless the respondent shows that he will be prejudiced by the hearing. It will appear that there is no prejudice to respondent.

This is an action for the alleged unlawful, wilful, and malicious expulsion of the plaintiff from the defendant lodge, to wit, the Grand Lodge Knights of Pythias of South Carolina, being a subordinate lodge to the Supreme Grand Lodge of North America, South America, Europe, Asia, Africa, and Australia. It seems that the charge against the defendants was that, contrary to the rules of the order, the plaintiff had brought a suit against the order without exhausting his remedy within the order. When the case was called for trial, neither the defendants nor their attorney appeared, and the plaintiff offered his evidence and took his judgment. The next day the defendants' attorney appeared and moved for a new trial on the ground of excusable neglect. The motion was overruled. From the judgment. this appeal is taken.

1. The first exception is that there was no evidence to sustain the verdict. This exception cannot be sustained, for the reason that there was evidence to sustain the verdict.

2. The second exception is: That his Honor erred in charging the jury as follows, that the defendants alleged in their answer 'that they, the committee on appeals, are the ones to decide the matter, and that the lodge has nothing to do with it.' It is respectfully submitted that no such allegation appears in the answer."

His Honor was stating the issue. It does not appear that the statement was prejudicial; but, in addition to that, his Honor was stating the issues, and if he misstated the issue, it was the duty of the complaining party to call attention to the error. An unexcused absence does not avail.

3. The third exception complains of error in charging as to punitive damages, in that there was no charge of fraud and there was no evidence to sustain punitive damages. This was an action for tort, and fraud is not necessary. If the evidence supported a verdict at all, it did for punitive damages.

4. Appellant complains that his Honor charged the jury that the defendant must establish its defense by the preponderance of the evidence. That is the rule.

5. The next ground of objection is that his Honor charged that the defendant could not change its rule so as to defeat the policy of one who died before the change was made. There was no error here.

6. The last exception is because his Honor refused to grant a new trial where the appellants moved for it and the respondent was willing to allow it.

Other litigants who had cases on that docket, and the public, had rights which were to be considered. Judge Shipp was charged with due and proper conduct of the business of the Court, and parties plaintiff and defendant cannot take it out of his hands. The plaintiff is to be commended for consenting to a new trial, but Judge Shipp is also to be commended for refusing it.

The judgment is affirmed.